Dear Coroner Boustany:
You inquire as to which governing authority is responsible for payment of Coroner's Emergency Certificates (CECs) as a dispute has arisen between the office of the Coroner of Lafayette Parish and the St. Landry Parish Police Jury. While it is not within the province of this office to determine factually what has or has not occurred in your specific situation, we do provide for your review the following applicable law within LSA-R.S. 28:53:
B. (1) Any physician or psychologist may execute an emergency certificate only after an actual examination of a person alleged to be mentally ill or suffering from substance abuse who is determined to be in need of immediate care and treatment in a treatment facility because the examining physician or psychologist determines the person to be dangerous to self and others or to be gravely disabled. Failure to conduct an examination prior to the execution of this certificate will be evidence of gross negligence.
* * * * *
G. (1) Upon admission of any person by emergency certificate to a treatment facility, the director of the treatment facility shall immediately notify the coroner of the parish in which the treatment facility is located of the admission, . . .
 (2) Within seventy-two hours of admission, the person shall be independently examined by the coroner or his deputy who shall execute an emergency certificate, pursuant to Subsection B, which shall be a necessary precondition to the person's continued confinement.
 (3) However, in the event that the coroner has made the initial examination and executed the first emergency commitment certificate then a second examination shall be made within the seventy two hour period set forth in this Part by any physician at the treatment facility where the person is confined.
 (4) In making either the initial examination or the second examination, when the coroner or his deputy examines the person and executes an emergency certificate and a reexamination of the person and reexecution of a certificate is necessary for any reason to insure the validity of the certificate, both the first examiner and the reexaminer shall be entitled to the fee for the service, unless they are one and the same.
 (6) When a person is confined in a treatment facility other than a state mental institution the examining coroner in the parish where the patient is confined shall be entitled to the usual fee paid for this service to the coroner of the parish in which the patient is domiciled or residing. When a person is confined in a state mental institution in a parish other than his parish of domicile or residence, the examining coroner shall be entitled to the fee authorized by law in his parish for the service. In either case, the fee shall be paid and accurate records of such payments kept . . . (Emphasis added).
A person admitted to a treatment facility for mental illness or substance abuse is admitted and is independently examined by a physician, under the authority of two emergency certificates. Whether or not the coroner of the treatment facility issues either the first or second emergency certificate, he is entitled, pursuant to LSA-R.S. 28:53 (G)(4), to a fee for issuance of the certificate by the parish of the patient's domicile. He is entitled to only one fee, not both. In accord are Attorney General Opinions 85-253 and 94-119, attached.
Should you have any other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams